IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS O. TATE, #180 664, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-856-MHT |
| | ) [WO] |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is filed by Plaintiff, an indigent state inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama. Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]   28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

## I. DISCUSSION

Upon initiating this case, Plaintiff did not pay the $350.00 filing fee and $50.00 administrative fee nor did he apply for leave to proceed *in forma pauperis*, and contrary to Plaintiff's asseverations, he is not exempt from payment of filing fees.[2] In cases with these deficiencies, the usual practice of this court is to enter an order advising Plaintiff he must pay the full filing fee and concomitant administrative fee or apply for leave to proceed *in forma pauperis*. Under the directives of 28 U.S.C. § 1915(g), however, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) are: (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala.

---

[2] The filing and administrative fees must accompany the filing of any civil action initiated in this court. In the event an inmate is allowed to proceed *in forma pauperis* in a civil action, he or she is still ultimately liable for payment of the full amount of the requisite filing fee under 28 U.S.C. § 1915(b)(1).

2002); (2) *Tate v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); and (3) *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[3] Besides these civil actions, Plaintiff filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006), which "dismissed for lack of subject matter jurisdiction due to Plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors which, therefore, placed his action beyond the purview of 28 U.S. C. §§ 1915 and § 1915A. The complaint was found to be without legal merit. "By all reasoning, the preceding action meets the criteria . . . for a frivolous action – that a frivolous action is one that is 'based on [an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Tate v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007) (citations omitted) - *Report and Recommendation of the Magistrate Judge* (dismissing case under 28 U.S.C. § 1915(g)) -- *Court Doc. No. 5* at 2, adopted as opinion of the court by order of June 22, 2007 - *Court Doc. No. 10*). This court, therefore, concludes that the summary dismissals of these four cases place Plaintiff in violation of 28 U.S.C. § 1915(g).

The court has reviewed the allegations in the instant action and finds they utterly and completely fail to demonstrate that Plaintiff was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in*

---

[3]The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases.

*forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"). Thus, even if the court provided Plaintiff an opportunity to seek *in forma pauperis* status and he then sought such treatment, he could not proceed *in forma pauperis* due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 2, 2015**. A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

      Done this 18th day of November, 2015.

                        /s/ Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE